**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT PENNSYLVANIA**

MARK SLADE,
          Plaintiff              :

                   :       **CIVIL ACTION NO:**

    v.               :

                   :

PECO ENERGY COMPANY    :
          Defendant       :

<u>**COMPLAINT AND JURY DEMAND**</u>

### I.    INTRODUCTION

Plaintiff claims of Defendant a sum in excess of $150,000.00 in damages upon a cause of action whereof the following is a statement:

1.    This action for declaratory, injunctive, monetary and other appropriate relief is brought by Plaintiff to redress violations by Defendant of rights secured to the Plaintiff by the laws of the United States of America.

2.    The original jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. §§ 1331 and 1337, and the claim is substantively based on the Age Discrimination in Employment Act ("ADEA"), Title 28 U.S.C. §626(b).  This action is brought by Plaintiff to redress arbitrary, improper, unlawful, willful, deliberate and intentional discrimination on the basis of his age and differential and disparate treatment in the workplace.  Plaintiff also asserts a claim for age discrimination arising under the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. §951, <u>et</u> <u>seq</u>.

- 1 -

ii.    **JURISDICTION AND VENUE**

3.     The jurisdiction of this Court is invoked pursuant to ADEA, which provides for original jurisdiction of Plaintiff's claims arising under the laws of the United States and over actions to recover damages and to secure equitable and other relief under the appropriate governing statutes.

4.     The venue of this Court is invoked pursuant to the dictates of Title 28 U.S.C. §1391(c).

5.     The supplemental jurisdiction of this Court is invoked pursuant Title 28 U.S.C. §1367 to consider Plaintiff's claims arising under the PHRA.

6.     All conditions precedent to the institution of this suit have been fulfilled. A notice of Right to Sue was issued by the U.S. Equal Employment Opportunity Commission ("EEOC") on April 17, 2017.   This action has been commenced within ninety (90) days of the issuance of said Notice.  Plaintiff has exhausted all other jurisdictional prerequisites to the maintenance of this action.

III.    **PARTIES**

7.     Plaintiff, Mark Slade, is an individual and citizen of the Commonwealth of Pennsylvania who resides at 1400 S. Marston Street, Philadelphia, Pennsylvania.

8.     Defendant, PECO Energy Company, was and is now a corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania, with a place of business located at 2301 Market Street, P.O. Box 8699, Philadelphia, Pennsylvania.

9.     At all times relevant hereto, Defendant was acting through its agents, servants and employees, who were authorized and acting within the scope of its authority, course of employment, and under the direct control of Defendant.

10.    At all times material herein, Defendant has been a "person" and "employer" as defined under ADEA and PHRA, and is subject to the provisions of said acts.

IV.    **STATEMENT OF CLAIMS**

11.    Plaintiff, who was forty-three (43) years of age, was hired by Defendant as a Lineman Apprentice on or about September 8, 2014.  Plaintiff was terminated shortly after his hire, on or about October 27, 2014, as a result of the unlawful and discriminatory employment practices complained of herein.

12.    At the time of the Plaintiff's termination he was earning $19.19 per hour, and was scheduled to receive benefits.

13.    Soon after his hire, Plaintiff was required to attend apprentice training classes where was to be schooled on the requirements and duties of the Lineman position.  Training consisted of class sessions as well as being physically trained on ascending and descending utility poles in a safe manner.

14.    During the apprentice training session, Plaintiff received his instruction from one of Defendant's Lead Instructors, Joseph McKay ("McKay").

15.    From the very outset of the apprentice training program, McKay began to harass and taunt Plaintiff due to his age by making such remarks as: "this is a 20 year old's job" and "This is young man's job." Many of the apprentices in Plaintiff's training

session were in their early 20's, making Plaintiff the oldest person in his group of trainees.

16.    In addition, McKay subjected Plaintiff to differential and disparate standards of treatment further evidencing his age-based discriminatory animus towards him.

17.    Although Defendant does not have a policy concerning the pace of climbing, Plaintiff was criticized by being timed on climbs and being required to make up climbs, when other younger trainees were not required to do so or held to such standards

18.    Further, Plaintiff was only graded for three (3) days of training, unlike a younger similarly-situated employee, John Koss ("Koss") (32), who was excused from climbing for approximately 3 weeks as a result of a bone bruise.

19.    During his training, Plaintiff likewise sustained a deep bruise/sprain to his knee, yet was required to continue his training sessions and thusly, was held to a disparate standard by McKay.

20.    Further, on one particular afternoon training session, Mckay made Plaintiff climb a thirty (30) foot utility pole approximately sixteen (16) times in a row, after already climbing the pole eight (8) times in the morning.  These actions were purposefully designed and calculated to cause Plaintiff to fail in his performance in the apprentice program due to his age.

21.    In connection thereto, after McKay timed Plaintiff on each of these climbs, he again reiterated to Plaintiff: "this is a 20 year olds job, if you think you are going to see a bucket truck, you're crazy".

22.    On or about October 27, 2014, Plaintiff was terminated from his apprentice training position for allegedly failing to climb the assigned utility poles quickly enough during his training session.

23.    Plaintiff believes and therefore avers that Defendant's actions, in subjecting him to discriminatory employment practices during his training and in terminating his employment, as aforesaid, constituted age-based.

## COUNT I
### (ADEA – Age Discrimination)
### Plaintiff v. Defendant

24.    Plaintiff incorporates by reference paragraphs 1 through 23 of this Complaint as fully set forth at length herein.

25.    The actions of Defendant through its agents, servants and employees in subjecting Plaintiff to dissimilar and disparate standards of treatment and in terminating Plaintiff because of his age, constituted a violation of the ADEA.

26.    The unlawful discriminatory employment practices engaged in by Defendant were in violation of the provisions of Title 28 U.S.C. §626(a)(1) and 626(a)(2) of the ADEA.

27.    As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by Defendant in violation of 28 U.S.C. §626(a) and (1) and 626(a)(2) of the ADEA, Plaintiff sustained permanent and irreparable harm resulting in the loss of employment, which caused him to sustain a loss of earnings, plus the value of his benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

### COUNT III
### (PHRA – Age Discrimination)
### Plaintiff v. Defendant

28.     Plaintiff incorporates by reference paragraphs 1 through 27 of this Complaint as if fully set forth at length herein.

29.     The actions of the Defendant, through its agents, servants and employees, in subjecting Plaintiff to dissimilar and disparate standards of treatment and in terminating Plaintiff's employment solely because of his age as aforesaid, constituted a violation of the PHRA.

30.     Defendant's acts of discrimination as aforesaid were intentional, willful and in reckless disregard of Plaintiff's rights and interests.

31.     As a direct result of Defendant's willful and unlawful actions in violation of the PHRA the Plaintiff has suffered emotional distress, humiliation, embarrassment, loss of self-esteem and has sustained a loss of earnings, plus the value of the aforementioned benefits, plus loss of future earning power, plus loss of back pay and front pay and interest due thereon.

### PRAYER FOR RELIEF

32.     Plaintiff repeats the allegations of paragraph 1 through 31 of this Complaint as if set forth herein at length.

**WHEREFORE**, Plaintiff requests this Court to enter judgment in his favor and against Defendant and order that:

(a)     Defendant compensate Plaintiff for the wages and other benefits

- 6 -

and emoluments of employment lost, because of their unlawful conduct;

(b)     Defendant pay to Plaintiff compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of employment and other non-pecuniary losses as allowable;

(c)     Defendant pay to Plaintiff liquidated damages, pre and post judgment interest, costs of suit and attorney and expert witness fees as allowed by law;

(d)     The Court award such other relief as is deemed just and proper.

## JURY DEMAND

Plaintiff demands trial by jury.

THE LOVITZ LAW FIRM, P.C.

By:_____
        KEVIN I. LOVITZ, ESQUIRE
        ID # 70184
        1650 Market Street, 36th Fl.
        Philadelphia, PA 19103
        (215) 735-1996 Phone
        (367)319-7943
        Attorney for Plaintiff,
        Mark Slade